

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 6:17-628-MGL |
| § | |
| HARVEST MAURICE SLOAN, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION**

Pending before the Court is Defendant Harvest Maurice Sloan's (Sloan) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

A federal jury convicted Sloan of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Sloan received a total offense level of twenty-six and a criminal history category of VI. This resulted in a Guideline sentence of 120 months. The Court thus sentenced him to 120 months of imprisonment, to be followed by three years of supervised release. He has a projected release date of January 4, 2027.

Sloan recently filed this motion for compassionate release. The government responded, and Sloan replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.   STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement provides numerous circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances enumerated in paragraphs (1) through (4); and (6) in some circumstances, where there has been a qualifying change in law. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.   DISCUSSION AND ANALYSIS

As a preliminary matter, the government concedes Sloan has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus proceed to consider the merits of his motion.

### A.   *Whether Sloan presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

Sloan maintains extraordinary and compelling reasons exist based on his father's medical condition. According to Sloan, his father, Harvest Lee Sloan (Harvest), is suffering from Stage 4 cancer and is no longer able to safely operate a vehicle. Sloan contends his release is necessary to ensure Harvest is eating properly, taking all of his medications, and transported to chemotherapy, radiation, and other medical appointments. Sloan states release would also allow him to tend to Harvest's home and business affairs.

The government, on the other hand, posits Harvest's medical records fail to indicate he is either bedridden, completely disabled, unable to care for himself, totally confined to a bed or chair, or suffering from a severe cognitive deficit that severely affects his mental capacity or function.

3

The government further asserts Sloan has neglected to establish his siblings or other relatives are unable to care for Harvest.

In reply, Sloan states Harvest's condition has caused him to suffer from blackouts, memory lapses, and physical limitations. Sloan acknowledges he has one sister and one brother, but he asserts neither of them have a relationship with Harvest.

To constitute extraordinary and compelling reasons based on the defendant's need to care for his parent, the policy statement requires "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(A).

Here, even assuming Harvest is incapacitated, Sloan has nevertheless failed to demonstrate other caregivers are unavailable. Sloan's presentence investigation report (PSR) indicates he has three siblings and one adult child, the majority of whom live near Harvest. According to the PSR, Sloan also has a girlfriend who resides in the area and is the caregiver for his mother. Yet, Sloan has neglected to allege these individuals are unavailable to care for Harvest.

Accordingly, the Court is unable to conclude Sloan's family circumstances constitute an extraordinary and compelling reason for compassionate release.

### B.    *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Likewise, analysis of the Section 3553(a) factors would also preclude any reduction in Sloan's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    the need for the sentence imposed—
    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes by the defendant;

4

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Sloan pled guilty to a serious offense. He was discovered to be possession of a stolen pistol that had a loaded magazine with one round in the chamber. At the time of arrest, a small plastic bag of marijuana was found near Sloan's person. And, while in pretrial detention, Sloan made several recorded phone calls to his girlfriend, asking her to take responsibility for the firearm and ultimately influencing her to submit a false affidavit in this regard.

  Sloan also has an extensive criminal history, including convictions for unlawful possession of a pistol, failure to stop for blue lights, underage possession of a pistol, reckless driving, driving under suspension, possession with intent to distribute marijuana, possession of crack cocaine, possession of gambling devices, failure to stop for blue lights resulting in injury, criminal domestic violence, driving under the influence, possession with intent to distribute crack cocaine, felon in possession of a firearm, and possession of marijuana.

  Sloan states he has taken advantage of job and program training, as well as drug treatment, while in custody. Although the Court is pleased with Sloan's rehabilitative efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (stating "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Sloan is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case.

V.    **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Sloan's motion for compassionate release, ECF No. 169, is **DENIED**. As a result of the Court's ruling, Sloan's request for appointment of counsel is necessarily deemed as moot.

**IT IS SO ORDERED.**

Signed this 28th day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE